UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CSILLA SZILVIA KIMBER,<br>Plaintiff,<br>v.<br>SSA COMMISSIONER, et al.,<br>Defendants. | Case No. 25-cv-06380-JST<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 15 |

Before the Court is Defendants' motion to dismiss Pro Se Plaintiff Csilla Kimber's complaint. ECF No. 15. Granting leave to amend certain claims, the Court dismisses the complaint in full.

Kimber is an applicant for Social Security Disability Insurance ("SSDI") benefits. ECF No. 1 ¶ 9. Although the complaint is ambiguous in certain respects, she appears to seek review of the agency's decision to deny benefits. *See* ECF No. 1 ¶¶ 12–13 (claiming that Administrative Law Judge ("ALJ") Evelyn Gunn failed to develop her full medical record and issued a medically unsupported decision); *id*. ¶ 22 (requesting reinstatement of SSDI benefits, as well as damages and costs). Alleging that ALJ Gunn engaged in "unprovoked attacks," "verbal harassment," "animalistic behavior," and "abuse of authority," *id*. ¶¶ 11, 19, Kimber also seeks to assert claims for "conspiracy to deprive rights," violation of the due process component of the Fifth Amendment to the United States Constitution, "Title VII disability discrimination," intentional and negligent infliction of emotional distress, and intentional violations of Section 504 of the Rehabilitation Act. *Id*. at 1.

SSDI, governed by Title II of the Social Security Act, provides benefits to disabled or blind individuals who are "insured" through earnings contributions to a trust fund. *See* 42 U.S.C.

United States District Court
Northern District of California

United States District Court
Northern District of California

§ 423. Judicial review of the denial of SSDI benefits is available only when the Commissioner of Social Security issues a final decision after a hearing to which the claimant was a party. 42 U.S.C. § 405(g); *see Califano v. Sanders*, 430 U.S. 99, 108 (1977). "Under the relevant regulations, a claimant obtains a final decision only after completing the four steps of the administrative review process: (1) an initial determination; (2) reconsideration; (3) a hearing before an ALJ; and (4) [a request for] review by the Appeals Council." *Stansberry v. United States*, No. 4:18-CV-01563-KAW, 2018 WL 5619741, at *3 (N.D. Cal. Oct. 29, 2018); *see* 20 C.F.R. § 404.900(a). This remedy is exclusive. *See* 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.").

When a claimant has not secured the final decision required by Section 405(g), the complaint must be dismissed. *Heckler v. Ringer*, 466 U.S. 602, 618–19 (1984); *Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) ("A claimant's failure to exhaust the procedures set forth in the Social Security Act . . . deprives the district court of jurisdiction.").

Here, after the ALJ hearing, Kimber requested and received review by the Appeals Counsel. ECF No. 1 ¶¶ 3–4, 11–20. The Appeals Council remanded the matter to the ALJ, but Kimber refused to appear at the remand hearing. *Id.* ¶¶ 3–4, 21. In *Hoye v. Sullivan*, the Ninth Circuit considered claims by an SSDI petitioner who, like Kimber, refused to attend his scheduled hearing because he believed the assigned ALJ to be biased. 985 F.2d 990, 991 (9th Cir. 1992) (per curiam). The court held that "[b]y refusing to attend the hearing, Hoye waived his opportunity for a hearing and he failed to exhaust the administrative remedy upon which judicial review depends." *Id*. So too here. Moreover, Kimber apparently did not pursue the administrative process further. While the complaint lists several complaints that Kimber submitted to the Appeals Council, none postdates the waived September 20, 2023 hearing. ECF No. 1 ¶¶ 14–19, 21. Because Kimber failed to exhaust the administrative process, this Court does not have jurisdiction to review the denial of benefits. *See Bass*, 872 F.2d at 833.

"A district court will waive the exhaustion requirement if, and only if, the claimant satisfies a three-part test: '[t]he claim at issue must be (1) collateral to a substantive claim of

entitlement (collaterality), (2) colorable in its showing that refusal to the relief sought will cause an injury which retroactive payments cannot remedy (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility).'" *Id*. (quoting *Cassim v. Bowen,* 824 F.2d 791, 795 (9th Cir. 1987)). Kimber argues that exhaustion should be waived because it would be futile and because the agency's own conduct has rendered the administrative process meaningless. ECF No. 25-1 at 4 (citing *Bass*, 872 F.2d at 833; *Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 902 (9th Cir. 2001)).

Kimber cannot satisfy the requirements for waiver. Nothing in the complaint nor Kimber's opposition to the motion to dismiss suggests that she faces irreparable injury. *See generally* ECF No. 1; *id.* ¶ 22 (seeking monetary relief). Moreover, Kimber is incorrect that the administrative process would have been "futile" or "meaningless." Upon an unfavorable further decision by the allegedly biased ALJ, Kimber could have again requested Appeals Council review. *See Hoye*, 985 F.2d at 992 (citing 20 C.F.R. § 404.940). The Appeals Council could have then cured any mistake resulting from the ALJ's alleged bias. *See Taylor v. Astrue*, No. 07-05549-EDL, 2008 WL 3823718, at *4–5 (finding that administrative exhaustion was not futile in part because "after the ALJ issues a decision on remand, Plaintiff can again appeal the decision to the Appeals Council on the issue of bias"). Kimber's failure to exhaust will not be waived.

Kimber's remaining claims are largely barred by her failure to exhaust administrative remedies because the statute requires they also be brought under Section 405. Specifically, Section 405(h) also states that "[n]o action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter." *Id*. The Supreme Court interprets this language broadly, holding that the phrase "arising under" includes "a claim in which 'both standing and the substantive basis for the presentation' of the claim is the Social Security Act." *Hooker v. United States Dep't of Health and Human Servs.*, 858 F.2d 525, 529 (9th Cir. 1988) (citing *Weinberger v. Salfi*, 422 U.S. 749, 760–61 (1975)). "Section 405(h) therefore bars, for example, constitutional challenges to the Act's requirements, *see Weinberger*, 422 U.S. at 760–61; FTCA-based tort claims for wrongful disability determinations, *see Hooker*, 858 F.2d at 529–30;

and *Bivens*-based due-process claims for the wrongful termination of benefits, *see Schweiker v. Chilicky*, 487 U.S. 412, 414, 429 (1988)." *Lopez v. Gumushyan*, No. 16-CV-07236-LB, 2017 WL 2118313, at *4 (N.D. Cal. May 16, 2017).

In *Weinberger*, the Supreme Court held that a constitutional challenge to the requirement that spouses have been married for nine months to be eligible for benefits must proceed through Section 405(g) and not 28 U.S.C. § 1331, because the claim (1) sought benefits and (2) addressed the substantive provisions of the Act. 422 U.S. at 760–61, 763–64. In *Hooker*, the Ninth Circuit considered negligence claims against an ALJ who denied benefits to a man who later committed suicide. 858 F.2d at 528. The court held that "Congress envisioned just this type of claim and provided an administrative remedy for it" through Section 405 and that any "demand for greater damages than the statute provides would render meaningless the jurisdictional restriction of § 405(h)." *Id*. at 529–30 (quoting *Marin v. HEW, Health Care Financing*, 769 F.2d 590, 592 (1985), *cert. denied*, 474 U.S. 1061 (1986)). Finally, *Schweiker* addressed claims against officials for conduct violating the claimant's due process rights and leading to denial of benefits, finding those claims barred because the Section 405 remedial scheme precludes extension of a *Bivens* remedy into that context. 487 U.S. at 424–29.

Notwithstanding the lack of detail in Kimber's complaint, the foregoing cases clearly prohibit certain of her claims from proceeding outside of the Section 405 administrative scheme, which she has failed to exhaust. First, as the Supreme Court squarely held in *Schweiker*, she may not bring under 28 U.S.C. § 1331 claims that Social Security Administration ("SSA") officials, including ALJ Gunn, violated her Constitutional due process rights. *Id*. Second, any claims for disability discrimination are barred insofar as they (1) target discriminatory conduct committed through the procedures afforded by the Act and (2) complain that benefits were denied as a result of that conduct. *See Weinberger*, 422 U.S. at 760–61 (holding claims required to proceed under Section 405 where "not only is it Social Security benefits which appellees seek to recover, but it is the Social Security Act which provides both the standing and the substantive basis for the presentation of their [claims]"); *Hooker*, 858 F.2d at 529 (holding that the claim "that SSA negligently evaluated the medical evidence before it and wrongly concluded that Hooker was no

longer disabled" was required to proceed under Section 405 under *Weinberger*). Kimber seeks to allege a violation of Section 504 of the Rehabilitation Act, but that statute addresses the discriminatory denial of benefits and any claims for the denial of SSDI benefits must proceed under Section 405. *See* ECF No. 1 at 1; ECF No. 25-1 at 7; 29 U.S.C. § 794(a); *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001).

Kimber's claim for conspiracy to deprive rights is likely barred for the same reason, although it is difficult to be certain given the limited information in the complaint. Finally, Kimber's claims for negligent and intentional infliction of emotional distress are not *clearly* barred because they appear to seek damages for emotional harm at least in part not tied to the denial of benefits. *See* ECF No. 1 ¶ 20 (suggesting in a conclusory fashion that ALJ Gunn bullied, lied, and attacked Kimber).

Kimber acknowledges that her claims are deficient and seeks leave to cure those deficiencies by amendment. ECF No. 25-1 at 6–7. The Court grants her leave to amend as follows: Kimber may file a complaint realleging her conspiracy to deprive rights and infliction of emotional distress claims, but only if she can demonstrate that those claims are not subject to Section 405(h) as interpreted by the Supreme Court in *Weinberger* and *Hooker*. In other words, any claims that target the manner in which the benefits determination was made for the purpose of showing that the benefits determination was erroneous, or that otherwise rely on an allegedly erroneous benefits determination to establish an injury, are not properly brought under 28 U.S.C. § 1331 and will be dismissed.

With respect to her claims for infliction of emotional distress, any amended complaint should demonstrate compliance with the exhaustion requirements of the Federal Tort Claims Act, 28 U.S.C. § 2675(a). *See* ECF No. 27 at 5–6. An amended complaint must also name a permissible defendant under the Westfall Act, 28 U.S.C. § 2679(b)(1). *See* ECF No. 15 at 19.

Kimber may not seek damages for violations of her Fifth Amendment rights by SSA officials, as such claims are barred by *Schweiker*. *See* ECF No. 25-1 at 7 (seeking leave to add Fifth Amendment equal protection claims).

In addition to complying with the above and pleading each element of each of her claims,

Kimber must allege sufficient specific facts to render her claims plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint's current allegations concerning the conduct of ALJ Gunn and/or the Appeals Council are entirely conclusory and do not meet this standard.

Kimber may file an amended complaint within 28 days of the date of this order. She may raise no claims other than those for which leave to amend has been explicitly granted. Failure to address any of the issues discussed in this order may result in dismissal with prejudice.[1][2]

**IT IS SO ORDERED.**

Dated: September 25, 2026

JON S. TIGAR
United States District Judge

[1] Kimber proceeds in forma pauperis. ECF No. 4. As such, issuance and service of the summons is not her obligation. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). However, upon the filing of her amended complaint, the Court must perform the screening required by 28 U.S.C. § 1915(e).

[2] On April 9, 2026, Kimber filed a "notice of filing supplemental evidence in opposition to defendants' motion to dismiss." ECF No. 28. Once a reply to a motion is filed, "no additional memoranda, papers or letters may be filed without prior Court approval," subject to narrow exceptions not present here. Civil L.R. 7-3(d). The supplemental notice is therefore stricken.