United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CSILLA SZILVIA KIMBER,
Plaintiff,
v.
SSA COMMISSIONER, et al.,
Defendants.

Case No. 25-cv-06380-JST

**ORDER DENYING MOTION FOR THE COURT TO REQUEST ASSISTANCE OF COUNSEL AND EXTENDING TIME TO FILE AMENDED COMPLAINT**

Re: ECF No. 30

*Pro se* Plaintiff Csilla Kimber, who is proceeding *in forma pauperis*, has filed a motion pursuant to 28 U.S.C. § 1915(e)(1) asking the Court to request that pro bono counsel be appointed to represent her in this action. ECF No. 30. The Court will deny the motion.

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Section 1915 provides that in an *in forma pauperis* action, "the court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). A court may request assistance of counsel pursuant to this section "only under 'exceptional circumstances.'" *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1982)). "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

After carefully considering both factors, the Court finds no exceptional circumstances warranting a request for appointment of counsel. Two days after Kimber filed the present motion, the Court issued an order granting Defendants' motion to dismiss the entirety of Kimber's

complaint, finding many of Kimber's claims barred because she failed to exhaust the administrative process set out in 42 U.S.C. § 405. ECF No. 31 at 2–5. Although the Court granted Kimber leave to amend certain of her claims, it noted that those remaining claims may be barred for the same reason and explained that any amended complaint must "demonstrate that those claims are not subject to Section 405(h)." *Id.* at 5–6. In light of this ruling, which significantly narrowed the issues in this case, the Court cannot say that Kimber is likely to succeed on the merits of her claims, nor that the case is so complex as to warrant a request for assistance. *See Palmer*, 560 F.3d at 970.

In its order dismissing Kimber's complaint, the Court provided Kimber 28 days to file an amended complaint. *Id.* at 6. Kimber did not file an amended complaint by that deadline. However, because the present motion remained pending when that deadline passed, the Court now grants Kimber an additional 21 days from the date of this order to file any amended complaint. She may raise no claims other than those for which leave to amend was explicitly granted in the Court's previous order, ECF No. 31. Failure to address any of the issues in that order may result in dismissal with prejudice.

**IT IS SO ORDERED.**

Dated: November 9, 2026

JON S. TIGAR
United States District Judge